**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

Attorney for Plaintiff,
David Oelfke

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID OELFKE,<br><br>Plaintiff,<br><br>v.<br><br>COMENITY CAPITAL BANK; AND EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendants. | Case No.: '24CV2019 W    VET<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.   **FAIR CREDIT REPORTING ACT; AND,**<br><br>II.  **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**<br><br>**JURY TRIAL DEMANDED** |

CASE NO.:                                              *Oelfke v. Comenity Capital Bank., et al.*
**COMPLAINT**

# INTRODUCTION

1. The United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

3. DAVID OELFKE ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of COMENITY CAPITAL BANK ("Comenity"); and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), with regard the reporting and collection of multiple fraudulent accounts and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Comenity and Experian took place in California.

7. Any violations by each Comenity and Experian were knowing, willful, and intentional, and Comenity and Experian did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of a Comenity and Experian's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Comenity and Experian's named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

10. Plaintiff is a citizen of the State of California.

11. This action arises out of Comenity and Experian's violations of (i) Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); and (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA").

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

12. Because Comenity and Experian conduct business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in San Diego County; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Comenity and Experian conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in San Diego, California, from whom Comenity sought to collect a consumer debt which was alleged to be due and owing from Plaintiff.

15. In addition, Plaintiff is a "consumer" as that term is defined by that term is defined by 15 U.S.C. § 1681a(c); Cal. Civ. Code § 1785.3(c).

16. Comenity is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

17. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and, a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

18. Comenity is a company located in the State of Utah.

19. Experian is a corporation located in the State of California.

20. Comenity and Experian are each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

21. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

22. At all times relevant, Plaintiff is an individual residing within the State of California.
23. On June 6, 2023, Plaintiff opened a credit card with Comenity to make a purchase of $1,689.
24. On July 24, 2023, Plaintiff used Capital One's mobile banking to send a check in the exact dollar amount to Comenity to pay of the full balance of the credit card.
25. That payment was never processed by Comenity.
26. When Plaintiff became aware there was still a balance on the Comenity card he contacted his bank (Capital One). Capital One sent a good faith letter to Comenity stating the full balance amount was sent, the payment should not be considered late, and any negative credit information regarding the transaction should be deleted.
27. On October 24, 2023, the $1,689 payment Plaintiff sent via Capital One in July was returned to his Capital One account by Capital One as the check Capital One sent was never processed.

28. On October 27, 2023, Plaintiff made a new payment in full of the same amount to Comenity and also submitted Plaintiff's Capital One's Good Faith letter regarding the prior payment to Comenity via Comenity's online portal.

29. Unfortunately, Plaintiff's resubmission of the Good Faith letter from Capital One did not result in Comenity acknowledging the timeliness of his original payment. Comenity continued to report the erroneous late payment on his account and subsequently furnish this erroneous information to the Credit Bureaus so as to appear on Plaintiff's credit reports.

30. Plaintiff subscribes to several credit monitoring services and began to receive alerts that his credit score was being negatively impacted as a result of the Comenity account. Prior to this erroneous charge, Plaintiff's credit score was over 800 and has dipped below that as a result of Comenity's errors.

31. Following this, Plaintiff again contacted Comenity speaking with a Comenity representative who stated they could get the charges removed from Plaintiff's account.

32. Subsequently, Plaintiff checked his Comenity account balance only to discover his account was still not corrected, and Comenity, to add insult to injury, charged Plaintiff late fees as a result.

33. Plaintiff's timely payment, and submission of supporting documentation indicating such timely payment was made, makes any claim by Comenity of an outstanding balance and/or late fees associated with any claim of an outstanding balance, clearly erroneous.

34. On July 18, 2024, Comenity sent Plaintiff an email stating that his account balance of $349.98 was being charged off and the debt was being sold to Midland Credit Management for debt collection activities.

COMPLAINT

35. In August of 2024, Plaintiff disputed this debt with the Credit Bureaus and Experian verified the debt as delinquent dating back to January of 2024.
36. Comenity was required to conduct a reasonable reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681s-2(b)(1)(A).
37. Experian was also required to conduct their own reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.
38. Experian did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).
39. Comenity submits inaccurate credit information regarding Plaintiff to the Credit Bureaus every thirty days.
40. As of the date of this written communication the incorrect information remains on Plaintiff's Experian credit report.
41. Comenity should have discovered from Comenity's own records, including Plaintiff's formal dispute, that the information being reported was inaccurate and materially misleading.
42. Plaintiff contends that it was unreasonable for Comenity to not contact Plaintiff for further information if needed.
43. Through this conduct, Comenity violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Comenity knew or should know was inaccurate.
44. Plaintiff's continued efforts to correct Comenity's erroneous and negative reporting by communicating Plaintiff's dispute with the Experian was fruitless.
45. Comenity's continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Comenity's knowledge of the actual error was willful.

46. Comenity's continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Comenity's knowledge of the actual error was reckless.

47. Comenity's failure to correct the previously inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Comenity's duty to refrain from reporting inaccurate information.

48. Accordingly, Comenity and Experian willfully and negligently failed to comply with Comenity and Experian's respective duties to reasonably investigate Plaintiff's dispute.

49. Comenity and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

50. Comenity and Experian's conduct has caused Plaintiff emotional distress.

51. Plaintiff has spent countless hours disputing this inaccurate information with Comenity and Experian in an attempt to provide any and all information needed for the investigations.

52. While Plaintiff was thorough in Plaintiff's disputes at all times, Comenity and Experian merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

53. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large charge-off mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score.

54. As a direct and proximate result of Comenity and Experian's willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Comenity and Experian's inaccurate and derogatory information, without success.

55. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

56. These documents should have caused Comenity and Experian to remove the inaccurate information from Plaintiff's credit report.

57. By intentionally reporting continuing obligations, Comenity and Experian acted in conscious disregard for Plaintiff's rights.

58. To report an ongoing obligation despite the inaccurate nature of this account shows that Comenity and Experian took actions involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

59. Comenity's intrusions caused Plaintiff to sustain injury, damages, loss, and harm in the form of emotional distress and pecuniary loss as discussed herein.

60. Since Plaintiff's efforts to be absolved of the fraudulent debts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

# CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. §§ 1681-1681X (FCRA)

### [AGAINST COMENITY AND EXPERIAN]

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

63. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Comenity and Experian.

64. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Comenity and Experian.

## COUNT II

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

### CAL. CIV. CODE § 1785.1, ET SEQ.

### [AGAINST COMENITY]

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

67. In the regular course of its business operations, Comenity routinely furnishes information to credit reporting agencies pertaining to transactions between Comenity and Comenity's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

68. Because Comenity is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Comenity is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

69. Since Comenity received all documents required to determine the inaccuracy of Comenity's reporting, Comenity should have known to update said reporting.

70. Comenity also should have determined that Comenity's reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An injunction preliminarily and permanently enjoining Defendant from
- engaging in the unlawful debt collection practices stated herein;
- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;
- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendant for each incident of willful noncompliance to the FCRA;

- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendant for each incident of noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- Punitive damages according to proof as to the FCRA; and,
- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

71. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: October 29, 2024                                                              Respectfully submitted,

**LOKER LAW, APC**

By:  ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF